IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3319-M-RJ

| | |
|---|---|
| PIERRE JAMAR WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PAMELA F. GALBREATH, BIANCA D. ) | |
| LAWRENCE, MARK FLEMING, JOHN ) | |
| HERRING, JOHN GRAY, TONY ) | |
| HARPER, LT. HOMER, MACHERA ) | |
| ANDERSON, and JOHN DOES 1–4, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B) and on plaintiff's motions to appoint counsel (D.E. 10) and for order directing prison officials to return his legal materials (D.E. 11). For the reasons stated below, plaintiff is directed to file an amended complaint, and his motions are denied.

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is

apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Here, plaintiff has failed to demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied.

The court next addresses plaintiff's motion for order directing prison officials to return his legal materials, which the court construes as a motion for temporary restraining order. The standard for a temporary restraining order is the same as the standard for granting a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting that a temporary restraining order is distinguishable from a preliminary injunction only in duration). To obtain relief, plaintiff "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of . . . relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief." Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

Here, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his underlying complaint. Nor has he established that an injunction is in the public interest. See Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, plaintiff's motion is denied.

2

The court now conducts its initial review of the complaint. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff alleges that, while housed in Maury Correctional Institution, defendants failed to protect him from multiple assaults by fellow inmates and were deliberately indifference to risks to plaintiff's safety, in violation of the Eighth Amendment of the United States Constitution. (Compl. (D.E. 1) at 1–7). Plaintiff's sues defendants in both their individual and official capacities. (Id. at 2–4). He seeks injunctive relief and monetary damages. (Id. at 8).

Plaintiff's official capacity claims are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to state officers or agents acting in their official capacities. Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Moreover, state officials acting in their official capacity are not amendable to suit under § 1983. Will, 491 U.S. at 71.

Plaintiff's allegations are largely conclusory and fail to connect individual defendants to specific behavior and injuries, and thus, he fails to satisfy notice pleading requirements. See Fed. R. Civ. P. 8; Iqbal, 556 U.S. at 676. Thus, the allegations fail to give defendants fair notice of plaintiff's claims or the factual basis upon which they rest. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). In § 1983 suits, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Accordingly, the court directs plaintiff to file one particularized complaint naming the party or parties responsible for his alleged deprivations, the injury stemming from the party or parties' actions or inactions, and the alleged facts to support his claim. Plaintiff should briefly mention

4

specific events and correlating dates which are the basis for suit and must connect defendants with the purported constitutional violations. The amended complaint shall not include any claims unrelated to the original complaint. Additionally, the court will consider the amended complaint as the complaint in its entirety and will not consider previous filings. Any particularized complaint will be subject to initial review, and the court will determine if severance is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2). Failure to comply with this order as directed may result in dismissal of the action.

## CONCLUSION

Based on the foregoing, plaintiff's motions to appoint counsel (D.E. 10) and for order directing the prison to give plaintiff his legal material (D.E. 11) are DENIED. Plaintiff is DIRECTED to file one amended complaint within **21 days** of entry of this order as instructed above. The clerk is DIRECTED to send plaintiff the form prisoner civil rights complaint. Should plaintiff fail to respond to this order, the clerk is DIRECTED, without further order of the court, to terminate any pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute and failure to respond to a court order.

SO ORDERED, this the 29th day of September, 2023.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge